UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LISA WILSON-FOLEY | Criminal No. 3:14cr65 (JBA)<br><br>January 7, 2015 |

**RULING ON DEFENDANT'S MOTION FOR A *FATICO* HEARING**

In her Memorandum [Doc. # 51] in Aid of Sentencing, Defendant Lisa Wilson-Foley requests a hearing pursuant to *United States v. Fatico,* 603 F.2d 1053 (2d Cir. 1979) to determine "the value of the illegal transactions," USSG § 2C1.8(b)(1), relevant to her guidelines calculation. The Presentence Investigation Report determined that Defendant's base offense level under USSG § 2C1.8 should be increased by six offense levels under § 2C1.8(b)(1) and the "loss" table of § 2B1.1 because the value of the illegal transactions was over $30,000. (Def.'s Mem. at 22; PSR [Doc. # 48] ¶¶ 37–38.) Defendant maintains that "[w]hile there is no doubt that Apple paid Mr. Rowland $35,000," the Court should exclude from its sentencing calculation the proportion of these payments that were for Mr. Rowland's legitimate work for Apple. (Def.'s Mem. at 22, 20.)

Defendant is not entitled to a *Fatico* hearing, because in her Plea Agreement with the Government, which was accepted by the Court, she stipulated that Mr. Rowland was "was paid approximately" $35,000 in 2011 and 2012 "*for services rendered to the Campaign.*" (Plea Agmt. [Doc. # 11] at 8 (emphasis added).) At her change of plea hearing, Ms. Wilson-Foley confirmed that she "agree[d] to what is already in the information and stipulation." (Mar. 31, 2014 Tr. [Doc. # 23] at 30.) The Sentencing

Guidelines specify the requirements for factual stipulations in plea agreements, providing that they "shall," *inter alia,* "set forth the relevant facts and circumstances of the actual offense conduct" and "not contain misleading facts." USSG § 6B1.4(a). Moreover, "[t]o the extent that the parties disagree about any facts relevant to sentencing, the stipulation shall identify the facts that are in dispute." *Id.* § 6B1.4(b). Ms. Wilson-Foley did not indicate any disagreement with the $35,000 calculation and her stipulation was "essentially a promise . . . not to contest the stipulated amount." *United States v. Granik*, 386 F.3d 404, 411 (2d Cir. 2004). Therefore, Ms. Wilson-Foley cannot now contest the value of the illegal payments to Mr. Rowland and the Court can "properly [determine] loss amount based solely on the stipulation" while considering other relevant information. *Id.* at 414.

Accordingly, Defendant's request for a *Fatico* hearing is DENIED. Sentencing will proceed on January 13, 2015.

IT IS SO ORDERED.

\_\_\_\_\_/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 7th day of January, 2015.